OPINION
Although this appeal was submitted on the accelerated calendar, we elect to issue a full opinion pursuant to Loc.R. 12(5).
Defendant-appellant appeals from the judgment of the Common Pleas Court of Allen County denying his motion to dismiss further proceedings and adjudicating him a sexual predator pursuant to O.R.C. Chapter 2950 et seq.
On November 16, 1990, appellant plead guilty to one court of Rape, a violation of R.C. § 2907.02(A)(2), being an Aggravated Felony of the First Degree. On December 20, 1990, the trial court sentenced appellant to an indefinite term of eight to twenty-five years to be served in the Ohio Department of Rehabilitation and Correction. While serving his prison term, the Ohio Department of Rehabilitation and Correction recommended that appellant be classified as a sexual predator. On April 1, 1999, a Sexual Predator Hearing was held pursuant to R.C. § 2950.09(C). At the hearing, appellant moved the trial court to dismiss further proceedings on the grounds that R.C. Chapter 2950 was unconstitutional. On April 2, 1999, the trial court entered a Decision and Judgment Entry denying appellant's motion to dismiss. Also on April 2, the trial court entered a Judgment Entry containing findings of fact and determining, by clear and convincing evidence, that appellant was to be classified as a sexual predator.
This appeal presents two assignments of error challenging appellant's adjudication as a sexual predator on the following grounds:
Assignment of Error Number One
 Ohio Revised Code Chapter 2950 et seq., as applied to defendant-appellant, is unconstitutional in that it violates defendant's protections of Section I, Article I and Section 16, Article I of the Ohio Constitution as decided in State v. Williams (Jan. 29, 1999), Lake App. No. 97-L-191.
 Assignment of Error Number Two The trial court determination that defendant was a sexual predator, as defined in Ohio Revised Code 2950.09(E), is contrary to the manifest weight of the evidence.
Assignment of error number one is overruled on the authority of State v. Fisher (Sept. 2, 1999), Allen App. No. 1-99-23, unreported, wherein we considered an identical assignment of error and held, based on the authority of State v. Cook (1998), 83 Ohio St.3d 404,700 N.E.2d 570, that O.R.C. Chapter 2950 was reasonable and therefore constitutional.
In his second assignment of error, appellant argues that his classification as a sexual predator is against the manifest weight of the evidence. In other terms, appellant asserts that the evidence adduced at the Sexual Predator Hearing is insufficient to establish, by clear and convincing evidence, that he is a sexual predator.
R.C. 2950.09(C)(2) provides that a trial court's finding that an offender is a sexual predator should be supported by clear and convincing evidence. This standard is defined as:
 [T]hat measure of degree of proof which is more than a mere `preponderance of the evidence,' but not to the extent of such certainty as is required `beyond a reasonable doubt' in criminal cases, and which will produce in the mind of the trier of facts a firm belief or conviction as to the facts sought to be established.
State v. Schiebel (1990), 55 Ohio St.3d 71, 74, citing Cross v.Ledford (1954), 161 Ohio St. at 469. In reviewing a decision purportedly founded upon clear and convincing evidence, an appellate court must examine the record to determine whether sufficient evidence exists to satisfy this degree of proof.Schiebel, 55 Ohio St.3d at 74.
R.C. 2950.01(E) provides:
 `Sexual predator' means a person who has been convicted of or pleaded guilty to committing a sexually oriented offense and is likely to engage in the future in one or more sexually oriented offenses.
In determining whether a sex offender is a sexual predator, a judge shall consider all relevant factors, including, but not limited to, those contained in R.C. 2950.09(B)(2)(a)-(j).
The trial court found, after weighing all of the testimony and evidence presented at the hearing, that appellant was a sexual predator based upon several factors which were set forth at relative length on the record. The factors considered by the trial court included:
(a) Appellant's age is 38;
(b) The victim's age was 9;
(c) The number of victims was 1;
 (d) Appellant used his advanced age to overcome the will of the victim;
 (e) Appellant failed to complete any available programs for sexual offenders;
 (f) Appellant made a 9 year old victim submit to anal intercourse, sodomy, and vaginal intercourse on numerous occasions;
 (g) Appellant used his position as boyfriend of the victim's mother to be able to accomplish the offense(s);
 (h) Appellant, as "stepfather figure" used cruelty in discipline by "grounding" her and handcuffing victim to bed; would make victim take down her pants and then strike her with a belt;
 (i) Additional behavioral characteristics contributing to appellant's conduct: relationship with victim facilitated offense; evidence of deviant sexual behavior; evidenced need for control and dominance; callous exploitation of another.
Despite this rather extensive list in support of his sexual predator adjudication, appellant maintains that it was against the manifest weight of the evidence to classify him as a sexual predator. More specifically, appellant asserts there was insufficient evidence presented to establish by the requisite burden that he was likely in the future to engage in one or more sexually oriented offenses.
After examining the record and relevant factors contained in R.C. § 2950.09(B)(2), we conclude that there was indeed sufficient evidence for the trial court to determine, by a clear and convincing standard, that appellant is a sexual predator. The evidence adduced at the hearing was sufficient to produce a firm belief that appellant would be likely to commit a sexually oriented offense in the future. Accordingly, appellant's second assignment of error is overruled.
Finding no error prejudicial to appellant, in the particulars assigned and argued, the judgment of the Court of Common Pleas of Allen County is affirmed.
Judgment affirmed.
HADLEY and WALTERS, JJ., concur.